Jason Carr appearing on behalf of Appellate Stuart Romm. This is the second in my couplet this morning of lawyers gone wrong cases. This one deals with a sentencing issue, and it deals with the recidivist enhancement provisions that are found at 2252 A.B. And as this case recently held in Seneris, these are rather broad definitions. And specifically what we're dealing with is a section, the language that says, 2252 A.B. 1, or under the laws, and this is what triggers the enhancement, a conviction under the laws in any state related to aggravated sexual abuse, sexual abuse, or abuse of sexual conduct involving a minor award, a minor award, and also concerning child pornography. So the whole question here before this Court are, do Romm's prior Florida convictions qualify, meet the terms of the federal recidivist enhancement provision? Now, I have to confess that in looking at the Florida statutes, especially the 827-071, which deals with promoting the subsection 3 specifically, finds a person guilty if he promotes a sexual performance by a child. The statute is somewhat cryptic. It's difficult, it always has been difficult for me to understand exactly what that statute is trying to encompass. But what we do know is that if you look in the first section of 827-071, it defines terms, performance and promote, and gives those terms a pretty broad definition. What we have argued consistently and what the government has conceded to and the district court found is that both the Florida statutes are overbroad. So we get to the second question, application of the modified categorical approach, the real point of contention here on appeal. The most interesting aspect of this for this Court is, what is the incorporation question? What do I mean by that?  I mean, what is the incorporation except for perhaps the probable cause affidavit written by a police officer? The problem with that document is that we know from Shepard, the U.S. Supreme Court case, and other precedent, that police reports and affidavits generally are not cognizable in the modified categorical approach inquiry. The document is off the table. Unless they have other grounds for getting them before us, like incorporation and a guilty plea, et cetera. Exactly, the incorporation exception. Now, the first point about that is that the incorporation exception is a Ninth Circuit invention. It's not a Supreme Court invention. It comes from case law that follows Shepard. And what they say in the primary cases in this vein are Espinoza, Cano, and Almeida, but those are pivotal cases for this Court to look at in determining this issue. What they say is that in some very limited circumstances, a police report can become incorporated and agree to as a by the defendant as a mutually agreed concept of facts with the prosecution. You've been referring to that as a police report, and I suggest that's misleading. This was a probable cause affidavit, and there's a difference, as you know, between a police report discussing and a person going under oath to give facts. Now, that probable cause affidavit was attached to the charging papers. Why isn't that sufficient? Your Honor, it's not clear at all to me. The government has constantly veered that this probable cause affidavit is not attached to the charging papers. It is, in fact, the charging papers. What they have said to the district court and on appeal is that that probable cause affidavit is the Florida surrogate for an information or indictment. But Florida laws, to the contrary, as I talk about in my reply brief, Florida statutes and rules of criminal procedure decree that any indictment or information, I mean, any felony must proceed by way of indictment or information. So the government's contention that that is the charging document just fails. It can't be right under Florida law. And it's not attached to anything. But what is interesting is that the last page of the probable cause affidavit does outline what the officer believes the Florida laws that were violated by Rahm, by the narration he gives before the last page. And when he lays that out, he lays out the elements of the Florida statutes in the disjunctive in an overbroad fashion. And that becomes important, that use of the disjunctive in the probable cause affidavit, because that brings the case squarely within the parameters of Omeda v. Serra. Almost. Almost. And I'm familiar with that case. In Omeda v. Serra, one of the ors was, could be, could have been a misdemeanor and not a charging offense. In this case, as I read the statute, every one of the ors could have been a charging statute, that is, could have counted. Doesn't that make a distinction? Your Honor, I respectfully disagree. It wasn't. What I'm saying is it wasn't just the or that we based our case on. It was one of the or phrases was a crime that could have been a misdemeanor, possession of marijuana, and therefore could not be a predicate offense. But as I read the statute that's involved here, every one of those could be a predicate offense. So there is a difference between this case and the one you cite to us. Should that make a difference? And why? What I would submit is that the fairest read of Omeda v. Serra in reasonable minds can differ, is that the problem is the disjunctive set out different ways of violating the statute, some of which would be overbroad and some of which narrowed the condom. And I would submit that's the same thing that we have here. And you're right that what the last page of the Provo-Gaz affidavit does is outline different ways of violating the Florida statute, each one a violation of the statute, but that some of those ways would be overbroad and not meet the Federal definition and some of those ways would. So we have the same problem is we don't know what facts Brown specifically admitted to. Did he admit to the narrowing conduct or did he admit to the overbroad conduct? There's another problem, of course, and that is that he did not admit to anything in his change of plea canvas. He admitted only in the stipulation, which is key, the terms of the stipulation of incorporation in the change of plea canvas between the Florida district court on page 151 of the excerpt. That page is key because it lays out the terms of the stipulation, and the terms of the stipulation for incorporation are limited to this Provo-Gaz affidavit provides enough evidence to prove to this Court that the State had a case to bring to trial. Nothing more. And that's important because what we're doing in a modified categorical approach inquiry is to narrow the conduct of conviction to tell us what did this defendant admit to. Now, the government is going to counter and say, well, the NOLO plea is not relevant because you can plea NOLO and it still qualifies a prior conviction. True. But that's not what we're talking about. What we're talking about here is the specific narrow issue of incorporation. When does the narrow exception for incorporation apply? And I submit here that the fact that the plea here was NOLO as a NOLO contender rate plea is relevant to the issue of incorporation because it limits the terms of the incorporation, and it limits those terms to only evidence and sufficient evidence to bring this case to trial. Not that Rahm said I admitted that I did anything. He doesn't admit to anything in that change of plea canvas that would meet the Federal definition. And that's pivotal. The other aspect that we need to look at in this case is even if we incorporate the probable cause affidavit, does that narrow the conduct? And the problem is, and another reason why we should not incorporate this probable cause affidavit, is it leads us down the road to factual disputes in many trials. And the whole reason why the Taylor, the original Supreme Court case Taylor in 1990, the most recent case Shepard, the reason from the Supreme Court, the reason why we do not want to incorporate these documents is because we do not want to turn sentencings into many trials where we have elaborate factual disputes about what the defendant did or did not do. So this probable cause affidavit, did Rahm really send child pornography over the Internet? We don't know that. He never admitted to that. Did he really, what did he say during the phone conversations that are evidence in the probable cause affidavit that we don't have the transcript of? Did he get on the phone and say, you know, I really, this is all just talk. I think this is a fantasy. We don't know any of those things. And we don't know them, and we will never know them, and we shouldn't know them because the modified categorical approach does not extend so far. The government must unequivocally establish that Rahm pled guilty to narrowing conduct. They failed to do so. Therefore, the enhancement should not apply in this case. I referred to the excerpt of record 151 to prove your point. And in the 151 record, the court says, a plea at this time stipulating to the factual basis that's specifically predicated on the facts contained within the sworn probable cause affidavit. And if you are proving the state, the trial, blah, blah. Mr. Weiner? Yes, Your Honor. The court incorporate by reference the sworn probable cause affidavit as well as into the plea. Mr. Weiner? Yes, Your Honor, we do. Now, it seems to me that by stipulation of counsel, that probable cause affidavit was included into the plea, and therefore the facts can be looked at. What are we missing here? Well, two points, Your Honor. On page 151, lines 4 and 5 are significant, in my estimation, because the judge says, if, 3 and 4, excuse me, if they are proven by the state at trial. But even more important is if we go down to lines 18 through 22, where the judge is talking about the factual basis for the plea, he says, and talking about the probable cause affidavit is one of the factors, that all of these factors contain sufficient facts to get the state to a jury in this case in each count in the event the counts were tried. So the judge, by his explicit ruling, factual basis ruling, says that this probable cause affidavit has relevance for one purpose and one purpose only, and that is the state has enough evidence to bring this case to trial. And I will note, also, if you look at Florida law that I put in my report. Is that how you read that? Excuse me? That's how you read that? Yes. Yes. It aligns specifically 8, 3, 18 through 22 on 151. Okay. Good morning, Your Honor, and may it please the Court. Robert Ellman for the United States. The document included in the excerpts of record which begins at page 83 is a sworn criminal complaint. That is a charging instrument, and if you'll examine that document, you'll see that it sets out counts 1 through 3 specifically with statute and subsection. And then if you compare it to page 80 of the excerpts of record, which is the cover page of the judgment, you'll see that it reiterates those counts in that format. What? Pages 83 and 80, Your Honor. 89. No, 83 and 80. Page 80 is the judgment, and 83 is the first page of the criminal complaint. Okay. And the point I was making is that both set forth counts 1 through 3 identically. They mirror each other by count and subsection. This point was raised at district court, and I'll refer you to page 49 because this issue came up. And, of course, the issue is whether the probable cause affidavit is incorporated into that charging document. And Judge Proe asked specifically with respect to the criminal complaint, that's not either an indictment or a criminal complaint, or is it? And the prosecutor answered, it is. That is the complaint. That is their charging document. They discuss incorporation, and the prosecutor goes on to say that the Florida prosecutor had informed her that that is the charging document. And, again, I'm referring to page 49. Mr. Carr refers to rules of Florida criminal procedure. I took a look at those myself, and what he stated is accurate. But if you'll look at rule, and I'll ask you to take judicial notice of this, and I'll quote it for you. Rule 3.115 of the Florida Rules of Criminal Procedure says, and I quote, all sworn complaints charging the commission of a criminal offense shall be filed in the office of the clerk of the circuit court and delivered to the state attorney for further proceedings, end quote. So it certainly sounds to me that the document produced at page 83 at SEC of the excerpts of record is, in fact, the charging document. Now, this court has stated repeatedly that the charging instrument is judicially noticeable for purposes of analysis under the Taylor modified categorical analysis. So it is here. Counsel, can I interrupt you for just a second? Certainly, Your Honor. Was the initial complaint to which the probable cause declaration was attached, was that supplemented or superseded by an indictment or information? I'm not aware of it. All I know, Your Honor, is that we requested the documents, and this is all that we got. So I can't make any assumptions on that at all. So based on the fact that there is no record that the original complaint was superseded, we have to make an assumption that he pled to that charging document, don't we? Well, we do, but we have a judgment here that mirrors the counts as set forth in that criminal complaint. So if there were a superseding document of some sort, the counts remain the same. So I think it's a fair assumption in this instance. But even if the court did not accept that, even if the court felt that this was not incorporated into a charging document and, therefore, judicially noticeable, this case would still permit you to consider it because it's incorporated into the plea colloquy. What opposing counsel was saying was that this case is closest in its facts to Almasa and Becerra, and I don't believe that's true. I think it's much closer in its facts to Espinoza-Cano. Another case, and there it was a police report, but that report was incorporated into the complaint, just as this probable cause affidavit was incorporated into the criminal complaint. But beyond that, Your Honor, the court expressed two concerns in Almasa and Becerra that are not present here. The first, well, I'll start with the second, and that is that in that instance the police report was not the defendant's version of events. So there was a concern that the parties had never reached agreement on the actual facts that were serving as the factual basis for the plea. As you look at the probable cause affidavit in this case, particularly at pages 86 to 94 of the excerpts of record, you will see that the incriminating statements are the defendant's own words reproduced verbatim. So that concern that was present in Almasa and Becerra is really not present here. The second concern is that the plea in Almasa and Becerra was in the disjunctive, and Mr. Carr has made that argument today. But I want to look at the language of that Florida statute and demonstrate to you why that disjunctive argument doesn't work here. And Mr. Carr points to page 94, I believe it is, of the excerpts because that's where the language of that statement is reiterated. Excuse me, it's page 95. It's the very last page of the probable cause affidavit. And it reiterates the language of the statute, and this is what it says. It's really very straightforward. It says, A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he or she produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age. The only disjunctive elements in that sentence are produces, directs, or promotes. So that's the only area where there can be any ambiguity here. Now, bear in mind that the statute defines promotes as give, deliver, transfer, present, mail, provide, and a number of other synonyms for giving something from one person to another. So what you're talking about is transferring any performance. And bear in mind that the statute defines performance as a photograph, among other things. Are you focusing upon 847.0135, 3? No, Your Honor. That's Florida's internet luring statute. I'm focusing on Florida statute section 827.071, subsection 3. Okay. And that's reproduced in the supplemental excerpts of record, I believe at page 4. Yes, that's the one. Well, we have it at 95 also. That's correct. But it isn't the best reproduction. It's not. And, Your Honor, I guess I should inquire at this point. We did stipulate to supplement the excerpts of record with a clear copy of that document. I hope the Court received that. We sent that by overnight mail last Thursday. I did my own. Okay. So what you're saying is that what we focus on is the .071, 3? Correct, Your Honor. And there the of problem is not a difficulty for you? It's very simple to resolve, Your Honor. It's transferring a photograph when you look at the definitions. Now, is that the charge statute? Yes, it is. Okay. There are two convictions under that subsection, Your Honor. It's counts 1 and 2 of the judgment at page 80. And I need to point out, again, the only disjunctive aspect of that statute is produces, directs, or promotes. Now, remember, promotes means transfer. As you read through that probable cause affidavit, there is not a single word about producing or directing anything. The only description is of the defendant transferring two photographs to Detective DeYoung, who he believed at that time to be a 14-year-old boy. Now, in the briefing, not here today. Just let me ask a question. The produces, directs, or promotes any performance. Would those be predicate offenses, whether it was any one of those three? Actually, I believe it would. But we had made the concession earlier that this is an overbroad statute. So what I'm trying to do is narrow it for you based on the documentation. I understand. But before you get to pass that argument, you have to get back to the Becerra case, where one of the clauses, one of the crimes, was clearly a misdemeanor and would not be a predicate offense. What you're telling us is that any of these would be predicate offenses. Correct, Your Honor. And they are all felonies. But remember, this Federal statute defines it as any crime relating to transportation of child pornography. Anything described in this Florida statute subsection does fall within that definition. So, yes, anything in that statute as described is going to be a predicate offense. That's helpful. Now, there is also an argument that we don't know which photographs the State of Florida was talking about. But, in fact, we do. And I refer you to page 94 of the excerpts of record. The probable cause affidavit states on that page that in order to determine whether these photographs violated the child pornography statute we've been discussing, the affiant brought the photographs to a medical doctor. And the medical doctor examined three of them and concluded that two of them were the two photographs, obviously, that constitute the underlying conduct for counts one and two. So there's no ambiguity there. And you only need one predicate conviction to qualify for the enhancement in this case. I see that my time is up, Your Honor, unless you have another question. Thank you. The probable cause affidavit cannot and is not a charging document under Florida law. And the government's only argument can be that this is an invalid conviction if it proceeded solely by way of a probable cause affidavit because the Florida Rule of Criminal Procedure 3.140 says, and I quote, in circuits and county courts, prosecution shall be solely by indictment or information. So, counsel, can you answer my question? Was there a superseding indictment or information that was obtained in that case? If there was, the government never submitted it. They didn't meet their burden of submitting it to the court. So we don't have that information to facilitate a modified categorical approach inquiry. The government is trying to argue that the last page of the probable cause affidavit on page 95 is not indisjunctive, and they point out that the specific placement of the or. But the important thing to recognize is that what this last page does is track the language of the statute. So if the statute is overbroad, the allegation contained in the probable cause affidavit must, in fact, be overbroad. And the government has conceded throughout this litigation that the statute is duplicitous. They're arguing against themselves, essentially. When did you come into this litigation? Excuse me? When did you come into this litigation? At what stage? The first direct appeal. First appeal. Okay. Thank you. All right. The case, thank you. The case just argued is submitted. We'll hear the next case, which is United States v. Miles. Thank you. Thank you.
judges: Wallace, Schroeder, Benitez